IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

STATE OF OKLAHOMA, ex rel.          )
JOHN DOAK, INSURANCE                )
COMMISSIONER, AS RECEIVER           )
FOR IMPERIAL CASUALTY AND           )
INDEMNITY COMPANY,                  )
                                    )
          Plaintiff,                )
vs.                                 )          Case No. CIV-11-863-C
                                    )
PATRICK MONTGOMERY,                 )
EMPLOYMENT TRADITIONS, INC.;        )
PEOPLE ESSENTIALS, INC.; E.T. 2,    )
INC.; E.T. 4, INC.; ET 6, INC.; E.T. 10, )
INC.; CFC I/ET, INC.; CFC II/ET, INC.;   )
MONTGOMERY, INC; ACRISURE           )
BUSINESS OUTSOURCING SERVICES,      )
LLC; ACRISURE, LLC; and CAMPBELL    )
MANAGEMENT GROUP, INC.,             )
                                    )
          Defendants.               )

## DEFENDANTS ACRISURE BUSINESS OUTSOURCING SERVICES, LLC,'S ACRISURE, LLC'S, AND CAMPBELL MANAGEMENT GROUP, INC.'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE

Defendants Acrisure Business Outsourcing Services, LLC ("ABOS"), Acrisure, LLC ("Acrisure") and Campbell Management Group, Inc. ("Campbell") (collectively the "ABOS Defendants") hereby respond and object to Plaintiff's Motion *in Limine* which seeks to exclude evidence of wrongdoing by the principals of Imperial and Park (the "Prior Allegations") as well as the exclusion of evidence related to collateral payments made in conjunction with the contract between Plaintiff and Employment Traditions, Inc. ("ETI") (the "Collateral Payment Evidence").

Plaintiff moves this Court under Federal Rules of Evidence 401 and 403 yet fails to specify what prejudice it would suffer should the evidence be admitted.  The evidence is relevant in determining the amount of Plaintiff's alleged harm.  It should not be excluded.

### Argument & Authorities

Plaintiff's breach of contract claim damages are limited to those that arise naturally from the breach or those that were in the contemplation of the parties at the time the contract was made.  *See Kewin v. Massachusetts Mut. Life Ins. Co.,* 409 Mich. 401, 414, 295 N.W.2d 50 (1980).  Plaintiff may only recover damages that are direct, natural, and proximate result of the alleged breach. *Stewart v. Rudner,* 349 Mich. 459, 468–469, 84 N.W.2d 816 (1957).  Relevant evidence is admissible unless otherwise prohibited by the federal rules of evidence, statute or the United States Constitution.  Fed. R. Evid. 401.  Evidence is relevant if "it has ***any*** tendency to make a fact [of consequence] more or less probable than it would be without the evidence." *Id.* at 402 (emphasis added).  Relevant evidence may be excluded if its probative value is ***substantially*** outweighed by a danger of unfair prejudice, confusion of issues, misleading the jury, undue delay, wasting time, or it is otherwise needlessly cumulative.  *Id.* at 403.

A.     **Evidence Regarding Plaintiff's Prior Allegations Of Fraud And Money Siphoning Are Relevant As To Plaintiff's Alleged Damages.**

Plaintiff contends that its Prior Allegations should be excluded as prejudicial arguing that, because the ABOS Defendants have not asserted a claim of fraud, the evidence is irrelevant.  *See* Plaintiff's Motion in Limine [Doc No. 59], at pp. 2-4.

2

Plaintiff further asserts any such evidence would be confusing to the jury by somehow making the jury sympathetic to the ABOS Defendants. *Id.* It is Plaintiff that confuses the issues: the Prior Allegations are not evidence in support of a claim of fraud; instead, they are evidence that tends to show that the ABOS Defendants, along with several others, were potentially overcharged by Imperial and Park or that Imperial and Park did not use the money that ETI did pay towards claims, and that Plaintiff's damage calculations and evidence – which were obtained primarily from Imperial and Park – are intrinsically unreliable.

"Evidence is not unfairly prejudicial simply because it is damaging to an opponent's case." *United States v. Caraway,* 534 F.3d 1290, 1301 (10th Cir. 2008) (citing *United States v. Curtis*, 344 F.3d 1057, 1067 (10th Cir. 2003)). "To be *unfairly* prejudicial, the evidence must have 'an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one.'" *Id.* (emphasis in original) (quoting Fed.R.Evid. 403 advisory committee's note). In *Caraway,* a criminal defendant charged of possessing explosive devices and delivering them by mail appealed a district court's decision not to exclude evidence related to a bomb-making book on grounds that it was unduly prejudicial. *Id.* The Tenth Circuit affirmed the district court, finding the defendant had failed to point to any specific tendency of prejudice and that "[b]ecause Mr. Caraway has shown no danger of unfair prejudice, such danger could not have 'substantially outweighed' the evidence's probative value . . .." *Id.*

Plaintiff similarly invokes Federal Rule of Evidence 403 without specifying exactly how the Prior Allegations will be prejudicial other than to conclusory allude that

such evidence will "confuse the jurors" or "unfairly prejudice the jury at trial." Plaintiff's Motion in Limine [Doc. No. 59], at p. 2.  Plaintiff itself stated that "Imperial is owned and managed by scam artists who used the company to steal money from its policyholders and others.  Fraud is the norm- the ordinary course of business." *See* [Doc No. 60, Exh. 1.]  It was further alleged that Imperial and Park principals, engaged in "brazen self dealing" that resulted in the siphoning of $1,036,655.94 "under the guise of [a] bogus service agreement" between the principals, General Insurance Managers, Inc. ("GIM"), and Imperial for medical review services that were actually performed by an unaffiliated company named Coventry Workers' Comp. Services. *Id.* This alleged fraud was still claimed to be ongoing on March 18, 2010, when Plaintiff filed its application for a show cause hearing seeking to be receiver. *Id.*

Notwithstanding the potential for ETI to have been overcharged as a result of this alleged self-dealing, the Assistant Receiver, Mark Thorpe, and his counsel refused to respond to discovery requests or produce a duly noticed 30(b)(6) witness.  Consequently, without being granted access to the claims files, the ABOS Defendants have been prevented from pointing out inaccuracies to reserve and payment calculations which were likely improperly calculated.  Now, after preventing the ABOS Defendants from investigating the reliability of Plaintiff's evidence and determining the full extent of its alleged harm, Plaintiff boldly asks this Court to exclude evidence that goes right to the heart of Plaintiff's damage calculations.

Plaintiff fails to specify any specific reason as to why the evidence is confusing and/or prejudicial other than mischaracterizing why such evidence would be admitted.

The Prior Allegations have a tendency to show that the documentary evidence underlying Plaintiff's alleged loss is flawed, unreliable, and supported by overcharges and mischarges perpetrated by Imperial and Park principals – which is certainly a fact of consequence to be proved at trial.  And, Plaintiff has failed to point to specific confusion and/or undue prejudice (other than damage to its own case), let alone confusion or prejudice that would ***substantially*** outweigh the relevance of such evidence.  As such, the Prior Allegations should not be excluded and Plaintiff's motion should be denied.

**B.   The Collateral Payment Evidence is Directly Relevant to Plaintiff's Alleged Loss.**

Plaintiff further asserts that the Court should exclude evidence of "any amount" paid to Property and Casualty Insurance Company ("PHI").[1]  *See* Plaintiff's Motion, at p. 5.  Once again, Plaintiff recites the Federal Rules of Evidence yet fails to make an evidentiary argument, instead, premising its contentions by stating that "Defendants have not attempted to bring a cause of action against PHI [for set-off]" and that evidence of payments made to PHI would allegedly "confuse the issues at trial and unjustly prejudice the jury against Plaintiff." *Id.*

Plaintiff's alleged damages are based upon the contract entered into between ETI and Park and Imperial for certain, specific Workers' Compensation insurance accounts. Two collateral requirements were an express requirement to purchasing those accounts. It is undisputed that ETI paid $1,275,000 to PHI, Park and Imperial to fulfill those

---

[1] Notably, Plaintiff seeks the exclusion of "any payment" made to "any person or entity" but only argues as to payments made to PHI.  Consequently, the ABOS Defendants have similarly limited but assert that any payments related to the ETI accounts should be admissible for the purposes of ascertaining Plaintiff's alleged harm.

obligations in order to obtain the Workers' Compensation insurance at issue in this case. Plaintiff cannot assert that monies previously paid are now recoverable as damages as such funds are not the direct, natural, and proximate result of the alleged breach. *See Stewart* 349 Mich. at 468–469.   Therefore, any alleged liability must be credited for amounts previously paid.   *See* Answer of ETI, [Doc. No. 4] and Defendants ETI and Montgomery's Response to Plaintiff's Motion in Limine.[2]  And, as Plaintiff seeks to hold the ABOS Defendants liable for ETI's alleged breach, the ABOS Defendants are further entitled to admit such evidence.

In sum, the Collateral Payment Evidence is admissible to determine the correct amount owed to Plaintiff, if any amount is determined to be due and owing.   Plaintiff's attempts to exclude the evidence as confusing merely seek to present one side of the damages story.   The absence of such evidence would be unduly prejudicial to defendants as it is clearly relevant to the present case and should not be excluded.

## CONCLUSION

For the reasons stated above, and for all the reasons set forth in the Defendants ETI and Montgomery's Response to Plaintiff's Motion in Limine, the ABOS Defendants respectfully request the Court deny Plaintiff's Motion in Limine.

---

[2] The ABOS Defendants incorporate Defendants ETI and Montgomery's Response herein.

Respectfully submitted,


*s/Henry D. Hoss*
Henry D. Hoss, OBA #11354
Amy D. White, OBA #19255
Zachary A.P. Oubre, OBA #30666
McAFEE & TAFT A Professional Corporation
10th Floor, Two Leadership Square
211 North Robinson
Oklahoma City, OK  73102-7103
PHONE:       (405) 235-9621
FAX:            (405) 235-0439
henry.hoss@mcafeetaft.com
amy.white@mcafeetaft.com
zach.oubre@mcafeetaft.com

and

Jon M. Bylsma, Michigan P48790
(*admitted pro hac*)
Varnum LLP
333 Bridge Street NW
Grand Rapids, MI 49504
Telephone: (616) 336-6000
Facsimile: (616) 336-7700
jmbylsma@varnumlaw.com


**ATTORNEYS FOR ACRISURE BUSINESS
OUTSOURCING SERVICES, LLC,
ACRISURE, LLC AND CAMPBELL
MANAGEMENT GROUP, INC.**

## CERTIFICATE OF SERVICE

☑ I hereby certify that on May 8, 2012, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Gregory P. Reilly
Keith A. Wilkes
Rachel C. Mathis

*s/Henry D. Hoss*
Henry D. Hoss