**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| STATE OF OKLAHOMA, EX REL. JOHN DOAK, INSURANCE COMMISSIONER, AS RECEIVER FOR IMPERIAL CASUALTY & INDEMNITY INSURANCE COMPANY,<br><br>      Plaintiff,<br><br>v.<br><br>PATRICK MONTGOMERY; EMPLOYMENT TRADITIONS, INC.; PEOPLE ESSENTIALS, INC.; E.T. 2, INC.; E.T. 4, INC.; ET6, INC.;  ET 10, INC.; CFC I/ET, INC.;  CFC II/ET, INC.; MONTGOMERY, INC.; ACRISURE BUSINESS OUTSOURCING SERVICES, LLC; ACRISURE, LLC; CAMPBELL MANAGEMENT GROUP, INC.,<br><br>      Defendants. | Case No. 5:11-cv-00863-C |

**DEFENDANTS PATRICK MONTGOMERY; EMPLOYMENT TRADITIONS, INC.; PEOPLE ESSENTIALS, INC.; E.T. 2, INC.; E.T. 4, INC.; ET6, INC.; ET 10, INC.; CFCI/ET, INC.; CFCII/ET, INC.; AND MONTGOMERY, INC.S'
<u>RESPONSE TO PLAINTIFF'S MOTION IN LIMINE</u>**

COMES NOW Defendants Patrick Montgomery; Employment Traditions, Inc.; People Essentials, Inc.; E.T. 2, Inc.; E.T. 4, Inc.; ET6, Inc.; ET 10, Inc.; CFCI/ET, Inc.; CFCII/ET, Inc.; and Montgomery, Inc. ("Defendants"), by and through undersigned counsel, and submit their Response to Plaintiff's Motion in Limine. In support of the Response, Defendants would show the Court as follows:

## I. Defendants Should Be Allowed to Introduce Evidence of Wrongdoing by Former Principals of Imperial.

Plaintiff first seeks to exclude the introduction of "evidence that the officers, directors, or other principals of [Imperial] allegedly acted illegally or with intent to defraud [Imperial's] creditors or policy holders." See Motion at 2. This argument should be rejected because evidence of wrongdoing by former principals of Imperial is relevant to Plaintiff's damage calculations and for impeachment purposes.

Plaintiff devotes much ink to the argument that a receiver of an insolvent insurance company should not be held responsible for the actions of the insurer's principals. Indeed, Plaintiff claims, the very reason for the appointment of a receiver is often the fraudulent actions of the insurer's principals. Although it is certainly true that the insurance commissioner did not commit fraudulent acts, this does not mean that fraudulent actions of the former principals of Imperial are irrelevant to Plaintiff's claims and damage calculations. Relevant evidence is admissible unless otherwise prohibited by the federal rules of evidence, statute or the United States Constitution, Fed. R. Evid. 401, and evidence is relevant if "it has <u>any</u> tendency to make a fact more or less probable than it would be without the evidence." Fed. R. Evid. 402 (emphasis added). With this expansive evidentiary backdrop in mind, the Court should deny Plaintiff's Motion in Limine on this issue.

Fraudulent actions by the former principals of Imperial may be relevant to the veracity of Plaintiff's claims and its corresponding damage calculations. Cases brought

1

against Imperial and its former principals by the insurance commissioner have alleged a pattern of dishonest behavior including fraudulently setting up sham companies, misusing money obtained from clients and policyholders, and failing to inform policyholders of actions taken by the insurance company. These actions directly bear on the reliability of Plaintiff's damage calculations because evidence of fraud or wrongdoing with respect to customers of Imperial may show that the principals of Imperial overcharged or mischarged customers, including Defendants.[1]

Plaintiff insists that evidence of fraud and wrongdoing by the former principals of Imperial would be unfairly prejudicial, but it is insufficient to merely show that this evidence would be harmful to Plaintiff. Plaintiff must show that the relevant evidence's "probative value is <u>substantially</u> outweighed by a danger of unfair prejudice, confusion of issues, misleading the jury, undue delay, wasting time, or it is otherwise needlessly cumulative." Fed. R. Evid. 403 (emphasis added). Plaintiff has not shown how this evidence specifically would be harmful. Instead, Plaintiff has mouthed perfunctory conclusions that the evidence would confuse or bias the jury without sufficient explanation. Certainly, Plaintiff has not met its burden of showing how the probative value of such evidence would be substantially outweighed by its alleged prejudicial dangers.

Evidence of the principals' wrongdoing may be used for impeachment as well. If

---

[1] It should also be noted that the ability to independently verify the damage calculations of Plaintiff were thwarted when Plaintiff refused to respond to discovery served by co-Defendants. <u>See</u> Defendants Acrisure Business Outsourcing Services, LLC's, Acrisure, LLC's and Campbell Management Group, Inc.'s Response in Opposition to Plaintiff's Motion in Limine. Plaintiff's refusal to allow Defendants to analyze the materials used to support its damage calculations makes a denial of its Motion in Limine on this issue all the more necessary.

2

Plaintiff attempts to substantiate its damage claims with documents prepared by the former principals, and has a witness lay the foundation for the documents and attest to their validity, Defendants are entitled to call into question the veracity of such documents. See Fed. R. Evid. 608.

Plaintiff argues that if wrongdoing by the former principals of Imperial are relevant, then Defendants should have asserted a counterclaim and the failure to do so proves that Defendants were not harmed by any alleged wrongdoing by the former principals. Plaintiff ignores the fact that Defendants asserted affirmative defenses in their Amended Answer [Dkt. # 28] based on wrongdoing by principals of Imperial. For example, in their Amended Answer Defendants asserted as an affirmative defense "that according to allegations of the insurance commissioner's office, the insurer[] . . . was involved in illegal and/or fraudulent acts against its policyholders. These Defendants were policyholders and, therefore, Plaintiff's claims are barred as against these Defendants."

## II.    Defendants Should Be Allowed to Introduce Evidence of Payments Made to Entities Not Party to this Case.

Plaintiff argues that Defendants should not be allowed to "introduce evidence of certain payments made to other entities affiliated with [Imperial]." See Motion at 5. Specifically, Plaintiff seeks to exclude any mention of "payments made to Providence Holdings, Inc. ("PHI"), pursuant to a purported surplus loan agreement." The Court should deny Plaintiff's Motion in Limine on this issue because it is overly broad and because evidence of payments made to other entities is appropriate to substantiate

3

Defendants' affirmative defense of set-off.

First, Plaintiff's Motion in Limine on this issue is overly broad. Although Plaintiff's Motion entirely concerns certain payments to PHI pursuant to a surplus loan agreement, the heading of the Motion in Limine seeks exclusion of "evidence, inference, or questioning regarding <u>any</u> amount Defendants paid to <u>any</u> person or entity not included in this action." <u>See</u> Motion at 5. Plaintiff argues that evidence of payments made to PHI should not be admitted in this case because "the Tenth Circuit, in an unpublished decision, has already determined that, due to the triggering of a repayment obligation in 2005, such payments are recoverable from PHI, not Plaintiff." <u>See</u> Motion at 5. Assuming *arguendo* that Plaintiff has stated a proper basis for its Motion in Limine on this issue, at most it would warrant exclusion of evidence related to payments to PHI pursuant to an alleged surplus loan agreement, not exclusion of evidence of <u>any</u> payment made to <u>any</u> person or entity not named in this action. Plaintiff's requested relief is too broad and is not supported by the arguments advanced by Plaintiff in the Motion.

Furthermore, even if Plaintiff has provided a reason to exclude evidence of any payments made to any entities not a party to this case, the Motion should be denied because evidence of payments made to other entities is appropriate to substantiate Defendants' affirmative defense of offset. Plaintiff repeatedly asserts that Defendants should not be allowed to introduce evidence of payments made to other entities because "Defendants have not sought an offset for such amounts in the form of a counterclaim." <u>See</u> Motion at 5. Plaintiff fails to recognize, however, that in their Amended Answer to Plaintiff's Petition [Dkt. # 28], Defendants asserted as an affirmative defense that "the

4

amount sought is excessive and that there was payment of funds for which these Defendants are entitled to receive a credit and/or off-set of any amounts claimed." Plaintiff cites no authority for the proposition that Defendants must have brought a counterclaim against Plaintiff in order to introduce evidence entitling Defendants to a credit or offset.

"Under the Federal Rules of Civil Procedure a set-off . . . is an affirmative defense which the party should set forth in his Answer." Worster Motor Lines, Inc. v. Lombardo, 531 F.Supp. 106 (E.D. Pa. 1982) (citing Fed. R. Civ. P. 8(c)); see also Giles v. General Elec. Co., 245 F.3d 474, 494 n.36 (5th Cir. 2001) ("Offset indeed is an affirmative defense.") (citation omitted); United States v. American Packing & Provision Co., 122 F.2d 445, 449 (10th Cir. 1941). Furthermore, even if Defendants' affirmative defense of offset is more accurately characterized as a counterclaim, this is of no consequence because "[i]f a party mistakenly designates . . . a counterclaim as a defense, the court must, if justice requires, treat the pleading as though it were correctly designated, and may impose terms for doing so." Fed. R. Civ. P. 8(c)(2).

WHEREFORE, Defendants respectfully request the Court deny Plaintiff's Motion in Limine in its entirety.

Respectfully submitted,

**HALL, ESTILL, HARDWICK, GABLE, GOLDEN & NELSON, P.C.**

By:   s/*Conor P. Cleary*
Rachel C. Mathis, OBA #16360
Conor P. Cleary, OBA #30046
320 South Boston Avenue, Suite 200
Tulsa, OK  74103-3706
Telephone:  (918) 594-0400
Facsimile:  (918) 594-0505
Email:  rmathis@hallestill.com
          ccleary@hallestill.com

**ATTORNEYS FOR DEFENDANTS PATRICK MONTGOMERY; EMPLOYMENT TRADITIONS, INC.; PEOPLE ESSENTIALS, INC.; E.T. 2, INC.; E.T. 4, INC.; ET6, INC.; ET 10, INC.; CFCI/ET, INC.; CFCII/ET, INC.; AND MONTGOMERY, INC**

### CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of May, 2012, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of Notice of Electronic Filing to the Following ECF registrants:

| | |
|---|---|
| Gregory P. Reilly | Amy White |
| Keith A. Wilkes | Henry Hoss |
| **Newton O'Connor Turner & Ketchum** | Zach A.P. Oubre |
| 15 W 6th St, Suite 2700 | **McAfee & Taft** |
| Tulsa, OK 74119-5421 | 211 N Robinson Ave, 10th Fl |
| | Oklahoma City, OK 73102 |

*s/ Conor P. Cleary*
Conor P. Cleary

1434869.1:614582:01620

6