**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

STATE OF OKLAHOMA, *ex rel*., JOHN )
DOAK, INSURANCE COMMISSIONER, )
AS RECEIVER FOR IMPERIAL CASUALTY )
AND INDEMNITY COMPANY, )
                                             )
       Plaintiff, )
                                             )
v. )       Case No. CIV-11-863-C
                                             )
PATRICK MONTGOMERY, )
EMPLOYMENT TRADITIONS, INC.; )
PEOPLE ESSENTIALS, INC.; )
E.T. 2, INC.; E.T. 4, INC.; )
E.T. 6, INC.; E.T. 10, INC.; )
CFC I/ET, INC.; CFC II/ET, INC.; )
MONTGOMERY, INC; )
ACRISURE BUSINESS OUTSOURCING )
SERVICES, LLC; ACRISURE, LLC; )
and CAMPBELL MANAGEMENT )
GROUP, INC., )
                                             )
       Defendants. )

## AMENDED FINAL PRETRIAL REPORT

All counsel who will appear at trial:

Appearing for Plaintiff:

> Keith A. Wilkes, Esq., OBA #16750
> Gregory P. Reilly, Esq., OBA #22285
> **NEWTON, O'CONNOR, TURNER & KETCHUM, P.C.**
> 15 West Sixth Street, Suite 2700
> Tulsa, OK   74119-5423
> Telephone: 918.587.0101
> Facsimile: 918.587.0102
> kwilkes@newtonoconnor.com
> greilly@newtonoonnor.com

Appearing for Defendants[1]:

Appearing for Defendants Patrick Montgomery; Employment Traditions, Inc.; People Essentials, Inc.' E.T. 2, Inc.; E.T. 4, Inc.; E.T. 6, Inc.; E.T. 10, Inc.; CRC I/ET, Inc.; CFC II/ET, Inc.; Montgomery, Inc.:

> Rachel C. Mathis, OBA #16360
> Conor Cleary, OBA #30046
> **HALL, ESTILL, HARDWICK,**
>   **GABLE, GOLDEN & NELSON, P.C.**
> 320 South Boston, Suite 200
> Tulsa, Oklahoma  74103-3706
> Telephone: 918-594-0400
> Facsimile: 918-594-0505

_____

### Jury Trial Demanded ■  -  Non-Jury Trial □

1. <u>BRIEF PRELIMINARY STATEMENT</u>.  State <u>briefly</u> and in ordinary language the facts and positions of the parties (appropriate for use during jury selection in jury cases).

   A. <u>Plaintiff's Position</u>:

   John Doak, the Insurance Commissioner for the State of Oklahoma, instituted this action in his capacity as Receiver of Imperial Casualty and Indemnity Company.  Under Oklahoma law, he is entitled to seek the recovery of monies owed to the insolvent insurance company, Imperial.

   Imperial provided high deductible worker's compensation insurance coverage to Defendant Employment Traditions, Inc., a professional employer organization.  A professional employer organization, or PEO, contracts with its customers, usually small-to medium-sized businesses with employees, to provide various employment related

---

[1] At the Court's Sounding Docket on May 9, 2012, the Court announced that the Motion for Summary Judgment filed by Acrisure, LLC, Acrisure Business Outsourcing, LLC, and Campbell Management Group, Inc. would be granted and an Order was forthcoming. Accordingly, the Court required the remaining parties to revise the Final Pretrial Report filed May 1, 2012, to exclude Acrisure, LLC, Acrisure Business Outsourcing, LLC, and Campbell Management Group, Inc. in addition to making other changes to simplify the Pretrial Report.  Such changes are made herein.

services, such as payroll services and workers' compensation insurance in return for a fee.   Imperial provided this high deductible worker's compensation insurance to Defendant Employment Traditions and its affiliated Defendant companies through a series of annual written insurance agreements.   Plaintiff alleges, however, that the Defendant Employment Traditions failed to pay all the amounts due to Imperial and is in breach of the contracts.

Plaintiff alleges that in December 2008, during a time when Plaintiff claims Defendant Employment Traditions owed $1,783,419 to Imperial, Defendant Employment Traditions' principal and sole shareholder, Defendant Patrick Montgomery, transferred substantially all of Defendant Employment Traditions' assets to one or more other entities.   By and through this sale, Plaintiff alleges that Defendant Employment Traditions, its affiliated companies, and Montgomery attempted to fraudulently escape liabilities owed to Imperial under the insurance agreements.

Plaintiff alleges Defendant Employment Traditions breached its contracts with Imperial by failing to make all payments due and owing to Imperial pursuant to the contracts.   Plaintiff also alleges Defendant Employment Traditions breached its contracts with Imperial by engaging in a transaction with the third party entity or entities that was contractually prohibited.   Plaintiff, as receiver for Imperial, seeks to collect the amounts due and owing for the benefit of creditors of the receivership estate.

In addition, Plaintiff brings a claim against Defendant Patrick Montgomery, the sole shareholder and director of Defendant Employment Traditions, Inc. and its affiliated Defendant entities for engaging in a transaction with third parties, in which a majority of Employment Traditions' assets were transferred to a third party, such transaction constituting negligence and a breach of the fiduciary duties owed to Imperial under the circumstances.

Plaintiff alleges Defendant Employment Traditions, and its affiliated companies, together with Defendant Montgomery, fraudulently transferred substantially all of the valuable assets of Defendant Employment Traditions and its affiliated companies to a third party entity or entities and further fraudulently transferred the proceeds of that transaction or other assets of Employment Traditions and its affiliated companies between themselves, or to Montgomery, an insider of Employment Traditions and its affiliated companies.

Plaintiff further alleges Defendant Employment Traditions and its affiliated companies were treated as one in the same such that all entities should be held liable for the debt owed to Plaintiff, as receiver for Imperial.

B. <u>Defendants' Position</u>:

Defendant, Employment Traditions, Inc. (ETI) admits that it entered into contracts with Imperial Casualty and Indemnity Company (Imperial), for the purpose of obtaining workers' compensation insurance for its customers.  Defendant Montgomery states that he was the President of ETI and, as such, signed these agreements on behalf of ETI with Imperial through 2008.  Defendant ETI states that as a professional employment organization, it obtained workers compensation insurance for companies who would otherwise have had a difficult time obtaining the required insurance and therefore, there were only a few companies through which this insurance was available.  When ETI entered into the first contract with Imperial,  in addition to the premiums and deductibles it was required to pay over the course of the first year, it was also required to pay $750,000 in collateral, plus an additional surplus payment of $525,000 to Imperial's parent company, Imperial Holdings, Inc., for a total additional payment of $1, 275,000.

Throughout the course of ETI's dealings with Imperial, there were numerous problems with identifying the amounts owed and being able to reconcile it with the amounts being billed by Imperial; however, out of the necessity of obtaining insurance, ETI continued to renew its contract with Imperial through 2008.  ETI and its related entities entered into an asset purchase agreement at the end of December 2008. Therefore, the insurance agreement with Imperial was not renewed for 2009.

Defendant, ETI, denies that it is in breach of the contracts and that it owes the amount claimed by Imperial's Receiver.  Furthermore, Defendants Patrick Montgomery and the ETI affiliated companies deny that there was a fraudulent transfer of assets when the assets of the companies were sold.

2.    <u>JURISDICTION</u>.  The basis on which the jurisdiction of the Court is invoked.

Removal, 28 U.S.C. § 1441(a); Diversity Jurisdiction, 28 U.S.C. § 1332(a)

3.    <u>STIPULATED FACTS</u>.  List stipulations as to all facts that are not disputed or reasonably disputable, including jurisdictional facts.

1.  The amount in controversy exceeds $75,000.

2.  Defendant Montgomery is a resident of the State of Michigan.

3.  All other Defendants are legal entities incorporated or organized in the State of Michigan with their principal place of business in the state of Michigan.

4

4. Defendants Employment Traditions, Inc. entered into agreements with Plaintiff for the provision of workers' compensation insurance coverage to Employment Traditions, Inc. for periods covering the following time periods:

    a. January 1, 2005, through January 1, 2006 ("2005 Agreement");

    b. January 1, 2006, through January 1, 2007 ("2006 Agreement");

    c. January 1, 2007, through January 1, 2008 ("2007 Agreement"); and

    d. January 1, 2008, through January 1, 2009 ("2008 Agreement").

5. People Essentials, Inc., E.T. 2, Inc., E.T. 4, Inc., ET6, Inc., E.T. 10, Inc., CFC I/ET, Inc., CFC II/ET, Inc., and Montgomery, Inc. were named as additional insureds under the agreements referenced above or the policies issued pursuant thereto.

6. Defendant Montgomery is the sole shareholder of Employment Traditions, Inc., People Essentials, Inc., E.T. 2, Inc., E.T. 4, Inc., ET6, Inc., E.T. 10, Inc., CFC I/ET, Inc., CFC II/ET, Inc., and Montgomery, Inc.

4. <u>LEGAL ISSUES</u>.  State separately, and by party, each disputed legal issue and the authority relied upon.

A. <u>Plaintiff's Position</u>:

1. Under Michigan law, A director or officer of a corporation owes a fiduciary duty to the creditors of the corporation, and can breach that duty by engaging in a transaction that benefits that self-interest of the director or officer. *Thomas v. Satfield Co.*, 108 N.W.2d 907, 911 (Mich. 1961); *Christner v. Anderson, Nietzke & Co., P.C.*, 401 N.W.2d 641 (Mich. App. 1986); *Whitney Props. v. Philip F. Greco Title Co.*, Nos. 283120 and 285076, 2009 Mich. App. LEXIS 1588 (July 23, 2009).

2. Plaintiff is not liable for amounts Employment Traditions paid to Imperial Holding, Inc., if any. *Pyramid Diversified Servs. v. Imperial Prop. & Cas. Ins. Co.*, 433 Fed. Appx. 687, 688.

B. <u>Defendants' Position</u>:

1.    None of these Defendants owed a duty/fiduciary duty to Plaintiff and therefore cannot be held liable in negligence or for a breach of any such duty. Burton v. William Beaumont Hosp., 373 F.Supp.2d 707, 724 (E.D. Mich. 2005).

2.    Defendants are entitled to a set-off of all amounts paid to obtain the subject insurance as well as all payments made towards claims, including amounts paid designated as loan surplus and/or claims collateral.

3.    Plaintiffs cannot prevail on a fraudulent transfer claim against Defendants due to the Court's grant of summary judgment to the other parties (Acrisure, ABOS, Campbell) to the transfer on the fraudulent transfer claim.

4.    Plaintiff cannot prevail on its equitable piercing claim between the corporate entity defendants (ETI/ETI Affiliates) in light of the Court's grant of summary judgment to Defendant Montgomery on this issue.

5.    <u>CONTENTIONS AND CLAIMS FOR DAMAGES OR OTHER RELIEF SOUGHT</u>.

A.    <u>Plaintiff</u>[2]

1)    Plaintiff and Defendant Employment Traditions, Inc. entered into a multiple annual contracts for the purchase of workers' compensation insurance.  Defendant Employment Traditions, Inc. breached the contracts, and Plaintiff was damaged as a result.

i.    Plaintiff is entitled to judgment against Defendant Employment Traditions, Inc. in the amount of $25,288, plus pre- and post-judgment interest at 18% per annum, actuarial fees,

---

[2] Pursuant to the Court's instruction, Plaintiff has removed contentions and claims for damages against Defendants Acrisure, LLC, Acrisure Business Outsourcing, LLC, and the Campbell Group, Inc.  Additionally, Plaintiff has removed contentions and claims for damages against Defendant Montgomery related to its equitable veil piercing claim.

court costs, and attorney fees for breach of contract, the 2005 Agreement, pursuant to common law.

    ii.    Plaintiff is entitled to judgment against Defendant Employment Traditions, Inc. in the amount of $59,687, plus pre- and post-judgment interest at 18% per annum, actuarial fees, court costs, and attorney fees for breach of contract, the 2006 Agreement, pursuant to common law.

    iii.    Plaintiff is entitled to judgment against Defendant Employment Traditions, Inc. in the amount of $628,108, plus pre- and post-judgment interest at 18% per annum, actuarial fees, court costs, and attorney fees for breach of contract, the 2007 Agreement, pursuant to common law.

    iv.    Plaintiff is entitled to judgment against Defendant Employment Traditions, Inc. in the amount of $1,070,336, plus pre- and post-judgment interest at 18% per annum, actuarial fees, court costs, and attorney fees for breach of contract, the 2008 Agreement, pursuant to common law.

2)    Defendant Montgomery owed a general and fiduciary duty to Plaintiff. Defendant Montgomery breached these duties and damaged Plaintiff as a result. Plaintiff is entitled to judgment against Defendant Montgomery for negligence and breach of fiduciary duty for actual damages incurred pursuant to common law. Thomas v. Satfield Co., 108 N.W.2d 907, 911 (Mich. 1961); *Christner v. Anderson, Nietzke & Co., P.C.*, 401 N.W.2d 641 (Mich. App. 1986); *Whitney Props. v. Philip F. Greco Title Co.*, Nos. 283120 and 285076, 2009 Mich. App. LEXIS 1588 (July 23, 2009).

3)    Transfers made contemporaneously with or after the transaction between Defendants Acrisure, LLC, Acrisure Business Outsourcing Solutions, LLC, and Campbell Management Group, Inc. and Defendants Employment Traditions, Inc., People Essentials, Inc., E.T. 2, Inc., E.T. 4, Inc., ET6, Inc., E.T. 10, Inc., CFC I/ET, Inc., CFC II/ET, Inc., and Montgomery, Inc. and subsequent transfers among Defendants Montgomery, Employment Traditions, Inc., People Essentials, Inc., E.T. 2, Inc., E.T. 4, Inc., ET6, Inc., E.T. 10, Inc., CFC I/ET, Inc., CFC II/ET, Inc., and Montgomery, Inc. were fraudulent under the law. Plaintiff is

entitled to remedies pursuant to and provided by the Uniform Fraudulent Transfer Act, MICH. COMP. LAWS §§ 566.31, *et seq.*

4)    Defendants People Essentials, Inc., E.T. 2, Inc., E.T. 4, Inc., ET6, Inc., E.T. 10, Inc., CFC I/ET, Inc., CFC II/ET, Inc., and Montgomery, Inc. are liable for the debts of Defendant Employment Traditions, Inc. as alter egos of Defendant Employment Traditions, Inc. [3]  Plaintiff is entitled to a judgment against Defendants People Essentials, Inc., E.T. 2, Inc., E.T. 4, Inc., ET6, Inc., E.T. 10, Inc., CFC I/ET, Inc., CFC II/ET, Inc., and Montgomery, Inc. in the same amount as any judgment that is obtained against Defendant Employment Traditions, Inc. pursuant to common law. *Associated Constr. Servs. Corp. v. Commerce 880, LLC*, No. 296894, 2011 Mich. App. LEXIS 1479 (Aug. 11, 2011); *LaRose Mkt. v. Sylvan Ctr.*, 530 N.W.2d 505 (Mich. App. 1995); *Williams v. American Title Ins. Co.*, 269 N.W.2d 481 (Mich. Ap. 1978); *Montgomery v. Central Nat'l Bank & Trust Co.*, 267 Mich. 142, 147 (Mich. 1934).

B.    <u>Defendant</u>

1)    Plaintiff's exhibits should be stricken and its witnesses excluded from trial due to Plaintiff's failure to cooperate in discovery and to comply with the Court's Scheduling Order.

2)    Plaintiff is not entitled to remedies pursuant to and provided by the Uniform Fraudulent Transfer Act, MICH. COMP. LAWS §§ 566.31, et seq., because the Court granted summary judgment on this claim to the other parties to the transfer.
Additionally, Plaintiff lacks any evidence of key elements of its claim. There is no evidence that ETI was insolvent at the time of the transfer or that ABOS purchased ETI assets for less than reasonably equivalent value.  Plaintiff's claim of constructive fraudulent transfer further fails

---

[3] At the Court's Sounding Docket on May 9, 2012, the Court announced that the Motion for Partial Summary Judgment filed by Defendant Montgomery would be granted and an Order was forthcoming.  Defendants People Essentials, Inc., E.T. 2, Inc., E.T. 4, Inc., ET6, Inc., E.T. 10, Inc., CFC I/ET, Inc., CFC II/ET, Inc., and Montgomery, Inc. did not move for summary judgment on Plaintiff's equitable piercing claim.  Accordingly, Plaintiff's equitable piercing claim is still at issue in this case, but not as to Defendant Montgomery.

because ETI's assets were purchased for an amount greater than the fair market value of the assets at the time of transfer.

3) Plaintiff is not entitled to its alleged damages. First, ETI is entitled to a set-off for all monies paid under the 2005 Workers' Compensation Proposal, which includes collateral and surplus payments totaling $1,275,000. It also is entitled to receive the benefits of all other amounts paid under all the agreements.

4) Plaintiff should not be allowed to use or rely upon the actuarial report and/or any summary relating to amounts claimed owed due to the failure to produce or list the documents and information necessary to create the reports/summaries and due to the unreliability of any records maintained by Park Avenue/Imperial insofar as the Plaintiff has alleged said entity committed fraud against its insureds.

5) The sale of the corporate entities' assets was performed as a business necessity and good and sufficient consideration was received for the assets.

6) Funds received from the asset sale were used to pay liabilities of the corporate entities.

7) Montgomery did not owe a general duty or fiduciary duty to Plaintiff. However, in the event the Court determines that some duty was owed, Montgomery did not breach any duty to Plaintiff.

6. <u>EXHIBITS</u>. The following exclusionary language **MUST** be included:

Unlisted exhibits will not be admitted unless, by order of the court, the final pretrial order is amended to include them.

A. <u>Plaintiff</u>:

| No. | Title Description | Objection | Federal Rule of Evidence Relied Upon |
|-----|-------------------|-----------|--------------------------------------|
| 1. | 2005 Agreement | Hearsay; Authenticity; Unduly Prejudicial. Defendants further | 401, 402, 403, 801, 802, 901 |

| No. | Title Description | Objection | Federal Rule of Evidence  Relied Upon |
|-----|------------------|-----------|----------------------------------------|
|  |  | object on the grounds that Plaintiff's Final Exhibit List includes thirteen (13) broad categories yet Plaintiff has listed forty-two (42) separate exhibits without delineating which category each exhibit belongs. |  |
| 2. | 2006 Agreement | Hearsay; Authenticity; Unduly Prejudicial. Defendants further object on the grounds that Plaintiff's Final Exhibit List includes thirteen (13) broad categories yet Plaintiff has listed forty-two (42) separate exhibits without delineating which category each exhibit belongs. | 401, 402, 403, 801, 802, 901 |
| 3. | 2007 Agreement | Hearsay; Authenticity; Unduly Prejudicial. Defendants further object on the grounds that Plaintiff's Final Exhibit List includes thirteen (13) broad categories yet Plaintiff has listed forty-two (42) separate exhibits | 401, 402, 403, 801, 802, 901 |

| No. | Title Description | Objection | Federal Rule of Evidence  Relied Upon |
|---|---|---|---|
| | | without delineating which category each exhibit belongs. | |
| 4. | 2008 Agreement | Hearsay; Authenticity; Unduly Prejudicial. Defendants further object on the grounds that Plaintiff's Final Exhibit List includes thirteen (13) broad categories yet Plaintiff has listed forty-two (42) separate exhibits without delineating which category each exhibit belongs. | 401. 402, 403, 801, 802, 901 |
| 5. | 08/01/06 – 01/14/10 ETI Payment Reconciliation and Documentation | Hearsay; Authenticity; Irrelevant; Unduly Prejudicial; Confusing; and waste of time. Defendants further object on the grounds that Plaintiff's Final Exhibit List includes thirteen (13) broad categories yet Plaintiff has listed forty-two (42) separate exhibits without delineating which category each exhibit belongs. | 801, 802, 901, 401, 402, 403 |
| 6. | 06/01/11 Letter from Matthew P. Merlinos and Brett E. Miller, and | Hearsay; Authenticity; | 801, 802, 901, 401, 402, 403 |

| No. | Title Description | Objection | Federal Rule of Evidence Relied Upon |
|---|---|---|---|
|  | attached report | Irrelevant; Unduly Prejudicial; Confusing; and waste of time. Defendants further object on the grounds that Plaintiff's Final Exhibit List includes thirteen (13) broad categories yet Plaintiff has listed forty-two (42) separate exhibits without delineating which category each exhibit belongs. |  |
| 7. | 10/31/08 Letter from Edward Schinnerer | Hearsay; Authenticity; Irrelevant; Unduly Prejudicial; Confusing; and waste of time. Defendants further object on the grounds that Plaintiff's Final Exhibit List includes thirteen (13) broad categories yet Plaintiff has listed forty-two (42) separate exhibits without delineating which category each exhibit belongs. | 801, 802, 901, 401, 402, 403 |
| 8. | ETI Financial Statements and Supplementary Information, year ended December 31, 2003 and 2002 | Hearsay; Authenticity; Irrelevant; Unduly Prejudicial; | 801, 802, 901, 401, 402, 403 |

| No. | Title Description | Objection | Federal Rule of Evidence Relied Upon |
|---|---|---|---|
| | | Confusing; and waste of time. Defendants further object on the grounds that Plaintiff's Final Exhibit List includes thirteen (13) broad categories yet Plaintiff has listed forty-two (42) separate exhibits without delineating which category each exhibit belongs. | |
| 9. | Montgomery Group Combined Balance Sheet, December 31, 2007 | Hearsay; Authenticity; Irrelevant; Unduly Prejudicial; Confusing; and waste of time. Defendants further object on the grounds that Plaintiff's Final Exhibit List includes thirteen (13) broad categories yet Plaintiff has listed forty-two (42) separate exhibits without delineating which category each exhibit belongs. | 801, 802, 901, 401, 402, 403 |
| 10. | 03/01/12 Affidavit of Christopher Diepenhorst | Hearsay; Relevancy; Authenticity; Unduly Prejudicial; Defendants object on the grounds that Plaintiff's Final | 401, 402, 403, 801, 802, 901 |

| No. | Title Description | Objection | Federal Rule of Evidence  Relied Upon |
|-----|------------------|-----------|----------------------------------------|
|  |  | Exhibit List includes thirteen (13) broad categories yet Plaintiff has listed forty-two (42) separate exhibits without delineating which category each exhibit belongs. |  |
| 11. | 12/31/08 Closing Statement | Hearsay; Relevancy; Authenticity; Unduly Prejudicial; Defendants object on the grounds that Plaintiff's Final Exhibit List includes thirteen (13) broad categories yet Plaintiff has listed forty-two (42) separate exhibits without delineating which category each exhibit belongs. | 401, 402, 403, 801, 802, 901 |
| 12. | Schedule 2.1, Purchase Price | Hearsay; Relevancy; Authenticity; Unduly Prejudicial; Defendants object on the grounds that Plaintiff's Final Exhibit List includes thirteen (13) broad categories yet Plaintiff has listed forty-two (42) separate exhibits without delineating which category each | 401, 402, 403, 801, 802, 901 |

| No. | Title Description | Objection | Federal Rule of Evidence  Relied Upon |
|---|---|---|---|
| | | exhibit belongs. | |
| 13. | 12/31/08 Agreement with Respect to the Spin-Off of the Acrisure Business Outsourcing Service, LLC Flexible Spending Account Plan | Hearsay; Authenticity; Irrelevant; Prejudicial; Confusing; and waste of time. Defendants further object on the grounds that Plaintiff's Final Exhibit List includes thirteen (13) broad categories yet Plaintiff has listed forty-two (42) separate exhibits without delineating which category each exhibit belongs. | 801, 802, 901, 401, 402, 403 |
| 14. | 12/30/08 ETI actions by Unanimous Consent of the Sole Shareholder and Sole Director | Hearsay; Authenticity; Irrelevant; Prejudicial; Confusing; and waste of time. Defendants further object on the grounds that Plaintiff's Final Exhibit List includes thirteen (13) broad categories yet Plaintiff has listed forty-two (42) separate exhibits without delineating which category each exhibit belongs. | 401, 402, 403, 801, 802, 901 |
| 15. | 12/31/08 Employment Agreement | This exhibit should | 801, 802, 901, |

| No. | Title Description | Objection | Federal Rule of Evidence Relied Upon |
|---|---|---|---|
| | between Acrisure IP 1, LLC and P. Montgomery | Hearsay; Authenticity; Irrelevant; Unduly Prejudicial; Confusing; and waste of time. Defendants further object on the grounds that Plaintiff's Final Exhibit List includes thirteen (13) broad categories yet Plaintiff has listed forty-two (42) separate exhibits without delineating which category each exhibit belongs. | 401, 402, 403 |
| 16. | 12/31/08 Noncompetition Agreement | Hearsay; Authenticity; Irrelevant; Unduly Prejudicial; Confusing; and waste of time. Defendants further object on the grounds that Plaintiff's Final Exhibit List includes thirteen (13) broad categories yet Plaintiff has listed forty-two (42) separate exhibits without delineating which category each exhibit belongs. | 801, 802, 901, 401, 402, 403 |
| 17. | 12/31/08 Employment Agreement between Acrisure IP 1, LLC and K. | Hearsay; Authenticity; | 801, 802, 901, 401, 402, 403 |

| No. | Title Description | Objection | Federal Rule of Evidence  Relied Upon |
|---|---|---|---|
|  | Wagner | Irrelevant; Unduly Prejudicial; Confusing; and waste of time. Defendants further object on the grounds that Plaintiff's Final Exhibit List includes thirteen (13) broad categories yet Plaintiff has listed forty-two (42) separate exhibits without delineating which category each exhibit belongs. |  |
| 18. | 02/04/09 Emails between Monika Reltz, Derek Lancaster, Jan Schindler, Patrick Montgomery, Steve Gober, William Beech | Hearsay; Authenticity; Irrelevant; Unduly Prejudicial; Confusing; waste of time; and compromise offers/negotiations. Defendants further object on the grounds that Plaintiff's Final Exhibit List includes thirteen (13) broad categories yet Plaintiff has listed forty-two (42) separate exhibits without delineating which category each exhibit belongs. | 801, 802, 901, 401, 402, 403, 408 |
| 19. | 05/04/09 Email from Derek Lancaster | Hearsay; Authenticity; | 801, 802, 901, 401, 402, 403 |

| No. | Title Description | Objection | Federal Rule of Evidence Relied Upon |
|---|---|---|---|
| | | Irrelevant; Unduly Prejudicial; Confusing; and waste of time. Defendants further object on the grounds that Plaintiff's Final Exhibit List includes thirteen (13) broad categories yet Plaintiff has listed forty-two (42) separate exhibits without delineating which category each exhibit belongs. | |
| 20. | 07/13/10 Letter from Patrick Montgomery | Hearsay; Authenticity; Irrelevant; Unduly Prejudicial; Confusing; and waste of time. Defendants further object on the grounds that Plaintiff's Final Exhibit List includes thirteen (13) broad categories yet Plaintiff has listed forty-two (42) separate exhibits without delineating which category each exhibit belongs. | 801, 802, 901, 401, 402, 403 |
| 21. | 10/12/10 Letter from Mark D. Tharp | Hearsay; Authenticity; Irrelevant; Unduly Prejudicial; | 801,802, 901, 401, 402, 403 |

| No. | Title Description | Objection | Federal Rule of Evidence  Relied Upon |
|---|---|---|---|
| | | Confusing; and waste of time. Defendants further object on the grounds that Plaintiff's Final Exhibit List includes thirteen (13) broad categories yet Plaintiff has listed forty-two (42) separate exhibits without delineating which category each exhibit belongs. | |
| 22. | 11/11/10 Letter from James R. Peterson | Hearsay; Authenticity; Irrelevant; Unduly Prejudicial; Confusing; and waste of time. Defendants further object on the grounds that Plaintiff's Final Exhibit List includes thirteen (13) broad categories yet Plaintiff has listed forty-two (42) separate exhibits without delineating which category each exhibit belongs. | 801, 802, 901, 401, 402, 403 |
| 23. | Spreadsheet – UDS and Loss Run Data | Hearsay; Authenticity; Irrelevant; Unduly Prejudicial; Confusing; and waste of time. Defendants | 801, 802, 901, 401, 402, 403 |

| No. | Title Description | Objection | Federal Rule of Evidence  Relied Upon |
|---|---|---|---|
| | | further object on the grounds that Plaintiff's Final Exhibit List includes thirteen (13) broad categories yet Plaintiff has listed forty-two (42) separate exhibits without delineating which category each exhibit belongs. | |

(Premarked for trial and exchanged as required under LCvR 39.4(a))


B.   <u>Defendant</u>:

<u>Number</u>  <u>Title/Description</u>   <u>Objection</u>  Federal Rule of Evidence Relied Upon

(Premarked for trial and exchanged as required under LCvR 39.4(a))[4]

| No. | Title Description | Objection | Federal Rule of Evidence Relied Upon |
|---|---|---|---|
| 1. | Corporate formation documents related to Employment Traditions, Inc. | | |
| 2. | Corporate formation documents related to People Essentials, Inc. | | |
| 3. | Corporate formation documents related to CFC I/ET, Inc. | | |
| 4. | Corporate formation documents related to CFC II/ET, Inc. | | |

---

[4] Plaintiff maintains its objection to the inclusion of each of Defendants' exhibits due to their failure to submit pre-marked exhibits within three (3) business days in accordance with LCvR 39.4(a).  However, at the Court's Sounding Docket on May 9, 2012, the Court overruled Plaintiff's objection and requested that Plaintiff remove its objection from the table and insert it as a footnote.

| No. | Title Description | Objection | Federal Rule of Evidence Relied Upon |
|---|---|---|---|
| 5. | Corporate formation documents related to E.T. 2, Inc. | | |
| 6. | Corporate formation documents related to E.T.4, Inc. | | |
| 7. | Corporate formation documents related to ET6, Inc. | | |
| 8. | Corporate formation documents related to ET 10, Inc. | | |
| 9. | Corporate formation documents related to Montgomery, Inc. | | |
| 10. | Letter from ETI dated December 8, 2008 | | |
| 11. | Asset Purchase Agreement | | |
| 12. | 2008 Renewal Agreement | | |
| 13. | 2007 Renewal Agreement | | |
| 14. | 2006 Renewal Agreement | | |
| 15. | 2005 Proposal/ workers' comp agreement | | |
| 16. | Montgomery Group Combined Balance Sheet dated 12/31/07 | | |

7.     <u>WITNESSES</u>:  The following exclusionary language **MUST** be included:

Unlisted witnesses in chief will not be permitted to testify unless, by order of the court, the final pretrial order is amended to include them.

A.     <u>Plaintiff</u>:

| No. | Name | Address | Proposed Testimony |
|---|---|---|---|
| 1. | Mark D. Tharp, Tharp and Associates, Inc., Assistant Receiver | c/o Plaintiff's Counsel | Mr. Tharp <u>will</u> be called to testify regarding all matters related to this litigation. |
| 2. | Matthew P. Merlino, Merlinos & Associates, Inc. | 3274-B Medlock Bridge Road, Norcross, Georgia 30092; (770) 453-9771 | Mr. Merlino <u>will</u> be called to testify regarding information, accounting, and other data related to |

|   |   |   | actuarial calculations of amount due from Defendants. |
|---|---|---|---|
| 3. | Patrick Montgomery | c/o Counsel Rachel Mathis, Esq., Hall Estill | Mr. Montgomery <u>will</u> be called to testify regarding all matters related to this litigation. |
| 4. | William Beech, Principal, Commercial Insurance Associates, LLC | 111 Westwood Place, Suite 100, Brentwood, TN 37027; (615) 515-6000 | Mr. Beech was an insurance broker and maintained payroll and other information from Defendant Employment Traditions, Inc.  Mr. Beech <u>may</u> be called to testify regarding matters related to the provision of workers' compensation insurance coverage to Defendants. |
| 5. | Christopher Diepenhorst | c/o Counsel Henry Hoss, Esq. & Amy White, Esq., McAfee & Taft | Mr. Diepenhorst <u>will</u> be called to testify regarding the transaction between Employment Traditions, Inc. and Campbell Management Group, Inc., Acrisure, LLC, Acrisure Business Outsourcing Services, LLC, or any affiliated entity and subsequent contracting with customers of Employment Traditions, Inc. |
| 6. | Edward Schinnerer | c/o Counsel Henry Hoss, Esq. & Amy White, Esq., McAfee & Taft | Mr. Schinnerer <u>may</u> be called to testify regarding the transaction between Employment Traditions, Inc. and Campbell Management Group, Inc., Acrisure, LLC, Acrisure Business Outsourcing |

| | | | Services, LLC, or any affiliated entity and subsequent contracting with customers of Employment Traditions, Inc. |
|---|---|---|---|
| 7. | Donald Collins | c/o Counsel Henry Hoss, Esq. & Amy White, Esq., McAfee & Taft | Mr. Collins may be called to testify regarding the transaction between Employment Traditions, Inc. and Campbell Management Group, Inc., Acrisure, LLC, Acrisure Business Outsourcing Services, LLC, or any affiliated entity and subsequent contracting with customers of Employment Traditions, Inc. |
| 8. | Gregory Williams | c/o Counsel Henry Hoss, Esq. & Amy White, Esq., McAfee & Taft | Mr. Williams may be called to testify regarding the transaction between Employment Traditions, Inc. and Campbell Management Group, Inc., Acrisure, LLC, Acrisure Business Outsourcing Services, LLC, or any affiliated entity and subsequent contracting with customers of Employment Traditions, Inc. |
| 9. | Ricky Norris | c/o Counsel Henry Hoss, Esq. & Amy White, Esq., McAfee & Taft | Mr. Norris may be called to testify regarding the transaction between Employment Traditions, Inc. and Campbell Management Group, Inc., Acrisure, LLC, Acrisure |

23

| | | | Business Outsourcing Services, LLC, or any affiliated entity and subsequent contracting with customers of Employment Traditions, Inc. |
|---|---|---|---|
| 10. | Any other officer, director, manager and/or member of Employment Traditions, Inc., People Essentials, Inc., E.T. 2, Inc., E.T. 4, Inc., ET6, Inc., ET 10, Inc., CFC I/ET, Inc., CFC II/ET, Inc., and Montgomery Inc. | c/o Counsel Rachel Mathis, Esq., Hall Estill | <u>May</u> be called to testify regarding any matters related to this litigation. |
| 11. | Any other officer, director, manager and/or member of Acrisure Business Outsourcing Services, LLC, Acrisure, LLC, and Campbell Management Group, Inc. | c/o Counsel Henry Hoss, Esq. & Amy White, Esq., McAfee & Taft | <u>May</u> be called to testify regarding the transaction between Employment Traditions and Campbell Management Group, Inc., Acrisure, LLC, Acrisure Business Outsourcing Services, LLC, or any affiliated entity. |
| 12. | Any witnesses listed by any Defendant | | <u>May</u> be called to testify regarding facts or opinion related to any of the claims and defenses. |
| 13. | Any witnesses necessary for impeachment or rebuttal of Defendants' witnesses | | <u>May</u> be called to testify regarding facts or opinion related to any of the claims and defenses. |
| 14. | Any witness necessary to testify in order to establish foundation for the admission of exhibits. | | |

B.    <u>Defendant</u>:

| No. | Name | Address | Proposed Testimony |
|---|---|---|---|

| 1. | Patrick Montgomery | c/o Counsel Rachel Mathis, Esq., Hall Estill | Mr. Montgomery will be called to testify regarding all matters related to this litigation. |
|----|----|----|----|
| 2. | Christopher Diepenhorst | c/o Counsel Henry Hoss, Esq. & Amy White, Esq., McAfee & Taft | Mr. Diepenhorst will be called to testify regarding the asset purchase |
| 3. | Edward Schinnerer | c/o Counsel Henry Hoss, Esq. & Amy White, Esq., McAfee & Taft | Mr. Schinnerer may be called to testify regarding the asset purchase |
| 4. | Donald Collins | c/o Counsel Henry Hoss, Esq. & Amy White, Esq., McAfee & Taft | Mr. Collins may be called to testify regarding the asset purchase |
| 5. | Gregory Williams | c/o Counsel Henry Hoss, Esq. & Amy White, Esq., McAfee & Taft | Mr. Williams may be called to testify regarding the asset purchase |
| 6. | Ricky Norris | c/o Counsel Henry Hoss, Esq. & Amy White, Esq., McAfee & Taft | Mr. Norris may be called to testify regarding the asset purchase |
| 7. | Any other officer, director, manager and/or member of Employment Traditions, Inc., People Essentials, Inc., E.T. 2, Inc., E.T. 4, Inc., ET6, Inc., ET 10, Inc., CFC I/ET, Inc., CFC II/ET, Inc., and Montgomery Inc. | c/o Counsel Rachel Mathis, Esq., Hall Estill | May be called to testify regarding any matters related to this litigation. |
| 8. | Records custodians as necessary | | |
| 9. | Any witnesses necessary for impeachment or rebuttal of Defendants' witnesses | | May be called to testify regarding facts or opinion related to any of the claims and defenses. |
| 10. | All witnesses listed by other parties, not objected to by these | | May be called to testify regarding facts or opinion related to any of the claims |

| | Defendants | | and defenses. |
|---|---|---|---|

8.     <u>ESTIMATED TRIAL TIME</u>:

        A.     Plaintiff's Case:     <u>  1-2 Days  </u>

        B.     Defendant's Case:   <u>  1-2 Days  </u>

9.     <u>BIFURCATION REQUESTED</u>:     Yes _____     No <u>  X  </u>

10.   <u>POSSIBILITY OF SETTLEMENT</u>:

    Good _____     Fair _____     Poor _____<u>X</u>_____

    All parties approve this report and understand and agree that this report supersedes all pleadings, shall govern the conduct of the trial, and shall not be amended except by order of the Court.

**NEWTON, O'CONNOR, TURNER & KETCHUM
A Professional Corporation**

 *s/Gregory P. Reilly*
Keith A. Wilkes, OBA No. 16750
Gregory P. Reilly, OBA No. 22284
15 West Sixth Street, Suite 2700
Tulsa, Oklahoma   74119-5423
Telephone: 918-587-0101
Facsimile: 918-587-0102

**ATTORNEYS FOR PLAINTIFF**


*/s/ Conor Cleary* *
**HALL, ESTILL, HARDWICK,
GABLE, GOLDEN & NELSON, P.C.**
Rachel C. Mathis, OBA #16360
Conor Cleary, OBA #30046
320 South Boston, Suite 200
Tulsa, Oklahoma   74103-3706
Telephone: 918-594-0400
Facsimile: 918-594-0505

**ATTORNEYS FOR DEFENDANTS
PATRICK MONTGOMERY;
EMPLOYMENT TRADITIONS, INC.;
PEOPLE ESSENTIALS, INC.; E.T.2, INC.;
E.T. 4, INC.; ET6, INC.; ET 10, INC.;
CFCI/ET, INC.; CRCII/ET, INC.; AND
MONTGOMERY, INC.**

*Signed by filing attorney with permission.

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 11th day of May, 2012, I electronically filed the foregoing instrument with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to the following recipients:

Rachel C. Mathis, Esq.
rmathis@hallestill.com

Henry D. Hoss, Esq.
henry.hoss@mcafeetaft.com

Amy D. White, Esq.
amy.white@mcafeetaft.com

John M. Bylsma, Esq.
jmbylsma@varnumlaw.com

Zachary A. P. Oubre, Esq.
Zac.oubre@mcafeetaft.com

Conor P. Cleary, Esq.
ccleary@hallestill.com

   /s/ *Gregory P. Reilly*
Gregory P. Reilly

1439148.1:614582:01620

28